JOY V. MILLER, Plaintiff-Appellant, v. MOTOROLA, INC., Defendant-Appellee.

First District (1st Division)   No. 1—89—1178

Opinion filed July 23, 1990.

Stanley H. Jakala, of Berwyn, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Michael L. McCluggage, Georgia L. Vlamis, and Michael J. Bolton, of counsel), for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Joy V. Miller (plaintiff) filed an action in the circuit court of Cook County against her employer, Motorola, Inc. (defendant), seeking recovery for damages resulting from defendant's disclosure of her mastectomy surgery to plaintiff's co-employees. Plaintiff appeals from the circuit court's order dismissing her complaint with prejudice pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), contending that her pleadings support

claims for the torts of public disclosure of private facts and unreasonable intrusion into the seclusion of another.

Plaintiff's asserted claims comprise two of the four branches of the common law torts for the invasion of privacy rights as set forth in the Restatement (Second) of Torts: (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) a public disclosure of private facts; and (4) publicity which reasonably places another in a false light before the public. (Restatement (Second) of Torts §§652B, 652C, 652D, 652E, at 378-94 (1977); W. Keeton, Prosser & Keeton on Torts §117, at 849-69 (5th ed. 1984).) The few Illinois appellate courts which have confronted claims under the public disclosure branch have recognized the cause of action (*Midwest Glass Co. v. Stanford Development Co.* (1975), 34 Ill. App. 3d 130, 339 N.E.2d 274; *Geisberger v. Willuhn* (1979), 72 Ill. App. 3d 435, 390 N.E.2d 945), while the appellate courts facing claims under the intrusion branch disagree regarding whether such a cause of action should be recognized in Illinois (compare *Mucklow v. John Marshall Law School* (1988), 176 Ill. App. 3d 886, 531 N.E.2d 941 (recognizing an intrusion cause of action); *Melvin v. Burling* (1986), 141 Ill. App. 3d 786, 490 N.E.2d 1011 (recognizing an intrusion cause of action); *Bank of Indiana v. Tremunde* (1977), 50 Ill. App. 3d 480, 365 N.E.2d 295 (implicitly recognizing an intrusion cause of action); with *Kelly v. Franco* (1979), 72 Ill. App. 3d 642, 391 N.E.2d 54 (intrusion cause of action not recognized); *Bureau of Credit Control v. Scott* (1976), 36 Ill. App. 3d 1006, 345 N.E.2d 37 (intrusion cause of action not recognized)).

██ Considering first plaintiff's public disclosure claim, this cause of action is defined by the Restatement (Second) of Torts as follows:

"One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of privacy, if the matter publicized is of a kind that

(a) would be highly offensive to a reasonable person, and

(b) is not of a legitimate concern to the public." (Restatement (Second) of Torts, §652D (1977).)

To state a cause of action for this tort, the plaintiff must plead and prove that (1) publicity was given to the disclosure of private facts; (2) the facts were private, and not public, facts; and (3) the matter made public was such as to be highly offensive to a reasonable person. (W. Keeton, Prosser & Keeton on Torts §117, at 856-57 (5th ed. 1984).) The parties here dispute whether the first and third requirements have been adequately pled.

Plaintiff's complaint alleges that she consulted with defendant's

resident nurse, Felicia Masters, relative to three leaves of absence taken by plaintiff from 1984 to 1986 to undergo mastectomy and reconstructive surgeries and that Masters advised her during those consultations that her medical information would be confidential. The complaint further alleges that plaintiff, who did not consent to the release of any of her medical information which was maintained at defendant's place of business, was told by a co-employee on or about October 1, 1987, that she had been informed of plaintiff's mastectomy. As a result of defendant's disclosure and plaintiff's belief of the awareness by numerous other employees of her condition, the complaint alleges that plaintiff suffered severe physical, mental and emotional distress and took an early retirement from her 23-year employment with defendant.

Defendant argues that these allegations are insufficient to show that any private facts were publicized because Illinois law requires the disclosure be widespread and that the communication be written. The sole Illinois authority cited by defendant to support its assertion is *Midwest Glass Co. v. Stanford Development Co.* (1975), 34 Ill. App. 3d 130, 339 N.E.2d 274, where the court found the plaintiff's allegations of defendant's oral and written communications to persons having an interest in certain condominium units regarding the plaintiff real estate company's failure to pay for mirrors installed by defendant in the units did not state a cause of action for the public disclosure of a private debt. Citing cases from other jurisdictions, the court noted that oral communications cannot be a basis for an invasion of privacy action involving attempts to collect debts. The court, after stating that the privacy right is subject to limitations where legitimate interests are involved and acknowledging the creditor's right to take reasonable action to persuade payment, further noted that the notices of indebtedness there were disseminated not to the general public but only to a limited number of persons who had a natural and proper interest in the ability and reputation of plaintiff to pay its debt. *Midwest*, 34 Ill. App. 3d at 134-35, 339 N.E.2d at 277-78.

We do not read *Midwest* as establishing the general elements asserted by defendant for meeting the publicity requirement in all public disclosure cases. Rather, the decision appears to be an attempt to reconcile a person's privacy rights with the legitimate interests of creditors and other interested parties to a person's indebtedness. As Illinois courts have not yet delved into the necessary elements to establish the "publicity" requirement in public disclosure cases, we will turn to other authorities to assist our determination here.

■ The comments to the Restatement (Second) of Torts state the following as to the publication requirement:

"[Public disclosure] *** means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. ***

Thus it is not an invasion of the right of privacy *** to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons. On the other hand, any publication in a newspaper or a magazine, even of small circulation, or in a handbill distributed to a large number of persons, or any broadcast over the radio, or statement made in an address to a large audience, is sufficient to give publicity [to a private fact]." (Restatement (Second) of Torts §652D, comment *a*, at 384-85 (1977).)

We agree with the Restatement's appreciation of the importance of a person's privacy with regard to oral communications as well as written communications and its recognition that it is the extent of the communication that is dispositive of whether the communication is publicized.

■ The Restatement indicates that the required communication must be more than that made to a small group; rather, the communication must be made to the public at large. In acknowledging this general requirement, however, some courts have recognized the need for flexibility in the application of the Restatement's theory to permit recovery for egregious conduct. (See *McSurely v. McClellan* (D.C. Cir. 1985), 753 F.2d 88.) These courts have realized that in circumstances where a special relationship exists between the plaintiff and the "public" to whom the information has been disclosed, the disclosure may be just as devastating to the person even though the disclosure was made to a limited number of people. (*McSurely*, 753 F.2d at 112; *Beaumont v. Brown* (1977), 401 Mich. 80, 104-15, 257 N.W.2d 522, 531.) The court in *Beaumont* explained:

"Communication of embarrassing facts about an individual to a public not concerned with that individual and with whom the individual is not concerned obviously is not a 'serious interference' with plaintiff's right to privacy, although it might be 'unnecessary' or 'unreasonable'. An invasion of a plaintiff's right to privacy is important if it exposes private facts to a public whose knowledge of those facts would be embarrassing to the plaintiff. Such a public might be the general public, if the person were a public figure or a particular public such as fellow

employees, club members, church members, family, or neighbors, if the person were not a public figure." (*Beaumont*, 401 Mich. at 104-05, 257 N.W.2d at 531.)

We adopt the position of the above authorities that the public disclosure requirement may be satisfied by proof that the plaintiff has a special relationship with the "public" to whom the information is disclosed. Plaintiff's allegation that her medical condition was disclosed to her fellow employees sufficiently satisfies the requirement that publicity be given to the private fact.

■ Turning now to defendant's argument that the pleadings are insufficient to show that the matter disclosed would be objectionable or highly offensive to a reasonable person of ordinary sensibilities, we cannot say as a matter of law that the disclosure of an operation of such a personal nature would not be highly offensive to the reasonable person. Thus, the issue presents a question of fact for the jury to determine.

■ ■ While we find that plaintiff's pleadings sufficiently state a cause of action for public disclosure of private facts, we do not believe the factual allegations fit into the second category of the privacy torts asserted by plaintiff. The Restatement (Second) of Torts describes the tort of the unreasonable intrusion upon the seclusion of another in the following manner:

"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." (Restatement (Second) of Torts §652B, at 378 (1977).)

Illinois courts which have recognized such a cause of action have outlined the following elements necessary to be pled and proven by the plaintiff: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) the intrusion must be offensive or objectionable to a reasonable person; (3) the matter upon which the intrusion occurs must be private; and (4) the intrusion causes anguish and suffering. (*Mucklow*, 176 Ill. App. 3d at 893-94, 531 N.E.2d at 946; *Melvin*, 141 Ill. App. 3d at 789, 490 N.E.2d at 1013-14.) Plaintiff's factual allegations do not satisfy this action's unauthorized intrusion element. The alleged wrongful actions involve the dissemination or publication of information voluntarily provided to defendant by plaintiff, not defendant's unauthorized intrusion. Thus, without expressing a view as to the appellate court conflict regarding the recognition of this cause of action, we hold that the alleged actions here do not consti-

tute an unreasonable intrusion into the seclusion of another.

Accordingly, we reverse the circuit court's order granting defendant's motion to dismiss with prejudice and remand the cause for further proceedings on plaintiff's complaint alleging the tort of public disclosure of private facts.

Reversed and remanded.

CAMPBELL and O'CONNOR, JJ., concur.