DANIEL ROEHRBORN, Plaintiff-Appellant, v. THOMAS LAMBERT, Chief of Police of the Village of River Grove, Defendant-Appellee.

First District (3rd Division)   No. 1—93—2983

Opinion filed December 29, 1995.

182

Stanley H. Jakala, of Chicago, for appellant.

Dean W. Krone, of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Daniel Roehrborn, filed this action against defendant, Thomas Lambert, chief of police of the Village of River Grove, Illinois, asserting claims under the Freedom of Information Act (hereinafter Act) (Ill. Rev. Stat. 1991, ch. 116, par. 201 *et seq.* (now 5 ILCS 140/1 (West 1994))), and Title VII of the Civil Rights Act of 1964 (see 42 U.S.C. § 1983 (1988)), for allegedly violating his rights to privacy in addition to violating his liberty interest under the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV). Defendant moved to strike plaintiff's complaint and dismiss the action pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615 (now 735 ILCS 5/2—615 (West 1994))). The circuit court granted defendant's motion. Plaintiff now

appeals to this court pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301).

## STATEMENT OF FACTS

The following facts are undisputed. Prior to the filing of this suit, August 8, 1991, Roehrborn was employed as a probationary officer by the Village of River Grove. Lambert had arranged for Roehrborn to attend the Police Training Institute (hereinafter Institute) in Champaign, Illinois. Before attending the Institute, the Board of Fire and Police Commissioners (hereinafter Board) required Roehrborn to take polygraph and psychological testing evaluations. Shortly afterwards, the examiners informed the Board and Lambert that Roehrborn had failed both the polygraph and the psychological tests. Subsequently, on August 8, 1991, Lambert wrote a letter to Jim Whitmore, the administrator at the Institute, informing him that Roehrborn had failed these tests and he would be withdrawing Roehrborn from the Institute. Roehrborn withdrew from the Institute. The Board sent Roehrborn a letter, dated August 8, 1991, dismissing him as a probationary officer.

For the reasons which follow, we affirm.

## ISSUES PRESENTED

On appeal, plaintiff argues that: (1) the circuit court erred in holding that his complaint did not state a cause of action for the common law tort of invasion of privacy; (2) the circuit court erred in holding that defendant's disclosure of plaintiff's test results did not violate the Act; and (3) the circuit court erred in holding that plaintiff's complaint did not state a cause of action under 42 U.S.C. § 1983 (1988).

## OPINION

We begin our analysis by noting that a motion to dismiss under section 2—615 challenges the legal sufficiency of the complaint. (*Urbaitis v. Commonwealth Edison* (1981), 143 Ill. 2d 458, 575 N.E.2d 548.) The relevant inquiry is whether sufficient facts are contained in the pleadings which, if proved, would entitle a plaintiff to relief. (*Urbaitis*, 143 Ill. 2d at 475.) Upon review of an order granting a section 2—615 motion, all well-pleaded facts are taken as true. (*Boyd v. Travelers Insurance Co.* (1995), 166 Ill. 2d 188, 652 N.E.2d 267.) In reviewing orders on a motion to dismiss, we apply a *de novo* standard of review. *Dace International, Inc. v. Apple Computer, Inc.* (1995), 275 Ill. App. 3d 234, 237, 655 N.E.2d 974.

Plaintiff's first contention is that the trial court erred in dismissing his complaint for failing to state a cause of action for the com-

mon law tort of invasion of privacy. He asserts that the claim set forth a violation of the public disclosure of private facts. We disagree.

The Restatement (Second) of Torts enumerates the following types of an invasion of privacy: (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) a public disclosure of private facts; and (4) publicity which reasonably places another in a false light before the public. (Restatement (Second) of Torts §§ 652B, 652C, 652D, 652E, at 378-94 (1977); W. Keeton, Prosser & Keeton on Torts § 117, at 849-69 (5th ed. 1984).) Plaintiff alleges public disclosure of private facts, wherein "[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." (Restatement (Second) of Torts § 652D, at 383 (1977).) Comment *a* explains that the "publicity" requirement for this tort is different from the "publication" requirement for defamation; "publication" in defamation requires only that the matter be communicated to a third person; "publicity" in this invasion of privacy tort means communicating the matter to the public at large or to so many persons that the matter must be regarded as one of general knowledge. Restatement (Second) of Torts § 652D, Comment *a*, at 384 (1977).

In the case at hand, plaintiff did not meet the requirements needed to state an action for the invasion of privacy tort based on the disclosure of private facts, because he failed to satisfy the publicity requirement. Plaintiff relies on *Miller v. Motorola, Inc.* (1990), 202 Ill. App. 3d 976, 650 N.E.2d 900, wherein the court held that the plaintiff stated a cause of action for public disclosure of private facts by alleging that her employer had disclosed her mastectomy surgery to co-workers. The *Miller* court articulated that the public disclosure requirement can be met where a plaintiff has a special relationship with the "public" to whom the information was disclosed. (*Miller*, 202 Ill. App. 3d at 980.) The *Miller* court justified its flexible application of the requirement by stating that the disclosure may be just as devastating to the person even though the disclosure was made to a limited number of people, rather than the public at large. *Miller*, 202 Ill. App. 3d at 980.

The case *sub judice* is actually more similar to *Midwest Glass Co. v. Stanford Development Co.* (1975), 34 Ill. App. 3d 130, 339 N.E.2d 274. In *Midwest Glass*, the plaintiff had installed mirrors in some of defendant's condominium units and had not yet received payment. The plaintiff subsequently wrote a letter to the tenants and potential purchasers of the units informing them that they were subject to a

mechanics lien notice because of the defendant's nonpayment. (*Midwest Glass Co.*, 34 Ill. App. 3d at 132.) The plaintiff brought an action, suing for payment, while the defendant counterclaimed alleging public disclosure of private debts. The *Midwest Glass* court held that the defendant did not state a cause of action for invasion of privacy because the plaintiff sent the notices "only to a limited number of persons who had a natural and proper interest in the ability and reputation of [the defendant] to pay its debt." *Midwest*, 34 Ill. App. 3d at 135.

In this case, defendant did not disclose the test results to plaintiff's co-workers, but rather disclosed the test results and evaluations to one person, Jim Whitmore, the administrator at the Institute. The disclosure consisted of one letter dated August 8, 1991, addressed to one person, Whitmore. Whitmore was working at the Institute, which had a legitimate interest in the training and performance of police officers. Thus, it is clear that the disclosure was limited to the Institute, which had a natural and proper interest in knowing the performance of potential applicants, such as plaintiff, on the psychological and polygraph tests. Accordingly, we find that plaintiff did not satisfy the publicity requirement for public disclosure of private facts.

■ Next, plaintiff maintains that defendant's disclosure of the test results was in violation of the Act. However, it is difficult to determine from the complaint whether plaintiff is claiming a private right of action for violation of the Act or whether he is claiming that defendant's disclosure of the test results to the Institute was an invasion of privacy since the Act did not authorize it.

The Act provides, in pertinent part:

> "[It is] the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act. ***
>
> [However, this] Act is not intended to be used to violate individual privacy ***." (Ill. Rev. Stat. 1991, ch. 116, par. 201 (now 5 ILCS 120/1 (West 1994)).)

The Act also enumerates various exemptions where information can be exempt from inspection and copying, including but not limited to "[i]nformation that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal

privacy." Ill. Rev. Stat. 1991, ch. 116, par. 207(b) (now 5 ILCS 140/7(b) (West 1994)).

It is clear that the Act is intended to ensure access to information as well as to provide for remedies in cases where an individual is unreasonably denied access to information. There are no explicit remedies for disclosing personal information. The purpose of the Act is to ensure disclosure of information, not to protect information from disclosure. Plaintiff was a probationary officer who wanted to become a police officer. A law enforcement officer is undoubtedly a public employee and, thus, disclosure of his test results would not be considered an invasion of personal privacy. The Institute had a legitimate interest in knowing that plaintiff failed to pass the psychological and polygraph testing and, therefore, disclosure of this information to Whitmore was not improper. Plaintiff cannot now claim that defendant violated the Act because this "personal" information was exempted from the Act. The exemptions cannot be read to prohibit dissemination of such information, but rather are simply cases where disclosure is not required. Accordingly, we find that the disclosure of plaintiff's test results did not fall in the exempted category or violate the Act.

Still to be considered is plaintiff's third contention, that his complaint stated a cause of action under 42 U.S.C. § 1983 (1988). Plaintiff submits that he was deprived of a liberty interest protected by the United States Constitution when he was denied a position as a police officer.

Under the fourteenth amendment to the United States Constitution, "[no] State [shall] deprive any person of life, liberty, or property, without due process of law." (U.S. Const., amend. XIV.) Violations of the due process clause of the fourteenth amendment are remediable under section 1983, wherein "[any person that deprives a party of] any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress." (42 U.S.C. § 1983 (1988).) In addition, to state a claim under the clause one must show that: (1) that he was deprived of life, liberty, or property; and (2) the deprivation was brought about without due process of law. (*Bigby v. City of Chicago* (7th Cir. 1985), 766 F.2d 1053.) Neither element is present in this case.

Plaintiff relies on the following case law to support his position. First, in *Ratliff v. City of Milwaukee* (7th Cir. 1986), 795 F.2d 612, the plaintiff was a probationary police officer discharged for poor performance on the job, who brought a section 1983 action against the Milwaukee police department. She alleged that she was discharged

because she reported an officer's use of excessive force and then resisted efforts at a cover-up. The department stated that she was discharged due to her unsatisfactory performance as a probationary employee, as well as her inability to write, since she had trouble with spelling, word usage and verb tenses. The trial court held that the plaintiff was fired because of her poor performance on the job, not because of her race. (*Ratliff*, 795 F.2d at 615.) It further held that as a probationary employee, the plaintiff did not have a property interest in her job, yet could still maintain a section 1983 claim for a deprivation of a liberty interest. A government employee's liberty interests are implicated where (1) the government makes any charge that might seriously damage the employee's standing or association in the community, or (2) the government imposes a "stigma or other disability that forecloses" the employee's freedom to take advantage of other employment opportunities. (*Ratliff*, 795 F.2d at 625.) On appeal, the *Ratliff* court held that the plaintiff's termination satisfied the first requirement of change of status in the community as well as the second requirement of imposing stigma because the charges made it virtually impossible for the plaintiff to find new employment as a police officer. (*Ratliff*, 795 F.2d at 625.) The *Ratliff* court nevertheless held that there was no deprivation of plaintiff's liberty interest because (1) according to the trial court's factual findings, no false charges were made against her and (2) there was no evidence that the charges were publicized beyond the police department prior to plaintiff's filing suit. *Ratliff*, 795 F.2d at 626-27.

■ Similarly, in the present case, plaintiff has not demonstrated that he had a liberty interest in a position with the River Grove police department. Plaintiff was a probationary officer, who could have become a police officer had he done well on the testing evaluations. The test results were only disclosed to the Board, defendant, and the administrator of the Institute. Plaintiff did not show that his test results were publicized to co-workers or the general public. Plaintiff did not claim that the tests results were false. These results were simply evaluation tests given to every potential police officer in training. The poor performance on these tests did not stigmatize plaintiff to the extent that it foreclosed his freedom to take advantage of other employment opportunities. Accordingly, we find that plaintiff did not state a section 1983 claim for deprivation of a liberty interest.

In light of the foregoing, we affirm the judgment of circuit court of Cook County.

Affirmed.

RIZZI and CERDA, JJ., concur.