**Terri CHISHOLM, Plaintiff,**

v.

**FOOTHILL CAPITAL CORPORATION, Norwest Corporation, Scott Diehl, and Michael Sadilek in their individual and official capacities, Defendants.**

**No. 96 C 1174.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 27, 1996.

---

Mary Stowell and Linda Debra Friedman, Leng, Stowell, Friedman & Vernon, Chicago, IL, for Plaintiff.

Peter Craig Warman and Paul E. Lehner, Adducci, Dorf, Lehnder, Mitchell & Blandenship, P.C., Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

GETTLEMAN, District Judge.

Plaintiff, Terri Chisholm ("Chisholm"), has filed an eight count complaint against Defendants, Foothill Capital Corporation ("Foothill"), Norwest Corporation ("Norwest"), Scott Diehl ("Diehl), and Michael Sadilek ("Sadilek"), alleging that she was discriminated against because of her sex and was retaliated against for reporting such discrimination in violation of Title VII, 42 U.S.C. § 2000e–2(a)(1), and the Equal Pay Act, 29 U.S.C. § 206(d), and was defamed by defendants in violation of Illinois state law. Defendants bring this motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons set forth below, this court grants in part and denies in part defendants' motion.

*FACTS*

Plaintiff alleges the following facts, which, for purposes of defendants' Rule 12(b)(6) motion, are assumed to be true. Plaintiff began working for Foothill in October 1989 as a credit underwriter. Throughout her employment with Foothill, plaintiff received various promotions, and it appears from the record that, at the time plaintiff resigned from Foothill, she was a vice-president in marketing. In June 1994, plaintiff was transferred to Chicago, to open a new Foothill Office. During this time, Foothill also hired Sadilek to work in the Chicago office as a vice-president in marketing. Both plaintiff and Sadilek reported to Diehl.

Both before and after her transfer to Chicago, plaintiff claims to have been subjected to discriminatory treatment on the basis of her gender. Specifically, plaintiff alleges that: (1) she was denied business and income-producing opportunities available to her male peers, who were, for example, assigned to "house accounts" and given referral sources; (2) she was excluded from networking opportunities presented to her male peers, invitations to golf outings and business dinners; (3) she was placed in a smaller office than Sadilek, despite her seniority; (4) she was subjected to a campaign by Sadilek to ruin her career, in which Sadilek made derogatory comments about plaintiff to plaintiff's co-workers and prospective clients; (5) she received reduced earnings because she was denied the same business and mentoring opportunities available to her male colleagues.

Plaintiff reported some of these discriminatory incidents to Diehl and to the vice-president of human resources at Foothill and Norwest. Despite her complaints, neither Foothill nor Norwest took remedial action. Instead, plaintiff claims that she suffered retaliation in the form of additional discriminatory acts and derogatory comments and, because of such conduct, decided to resign.

As part of the discriminatory treatment she received, plaintiff alleges that she was defamed by Sadilek. According to plaintiff, Sadilek told a business associate that plaintiff was "double dealing" between Foothill and the company for which plaintiff's husband is the managing director.

Plaintiff also claims that defendants intended to inflict severe emotional distress on plaintiff through their discriminatory acts, and that she suffered severe emotional distress as a result of such conduct. Finally, plaintiff contends that she was constructively discharged and lost wages and other benefits.

Plaintiff filed a timely charge of discrimination and unlawful retaliation with the Equal Employment Opportunity Commission ("EEOC"). The EEOC has issued plaintiff a Notice of Right to Sue, and plaintiff now brings the following claims: Count I against Foothill and Norwest for sex discrimination in violation of Title VII; Count II against Foothill and Norwest for sex discrimination in the payment of wages in violation of the Equal Pay Act and Title VII; Count III against Foothill and Norwest for retaliation in violation of Title VII; Count IV against all defendants for retaliation in violation of the Fair Labor Standards Act; Count V against Foothill, Norwest, and Sadilek for defamation per se; Count VI against Foothill, Norwest, and Sadilek for false light; Count VII against Foothill, Norwest, and Sadilek for publication of private facts; and Count VIII against all defendants for intentional infliction of emotional distress. Defendants have

moved to dismiss all counts against all defendants.

## DISCUSSION

### I. STANDARD

■ Under Rule 12(b)(6), a court may dismiss a case "for failure to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). The motion is based on the sufficiency of the complaint, not the merits of the case. *Triad Assocs., Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989), *cert. denied*, 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). All well-pleaded facts will be taken as true, and all inferences are made in favor of the plaintiff. *Montgomery Ward v. Warehouse Mail Order, Office, Technical and Professional Employees Union*, 911 F.Supp. 1094, 1099 (N.D.Ill.1995). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ A Rule 12(b)(6) motion should be read in the context of Rule 8(a)'s liberal pleading requirements. *EEOC v. Home by Hemphill, Inc.*, 1995 WL 683502, at *1 (N.D.Ill. Nov. 16, 1995). Because the Rules mandate only notice pleading, they do not require that a complaint state facts sufficient to constitute a cause of action. Fed.R.Civ.P. 8(a)(2). Rather, a complaint need only make a short and plain statement of the claim showing that the pleader is entitled to relief. *Id.* Accordingly, in ruling on a motion to dismiss, the court must determine " 'whether relief is possible under any set of facts that could be established consistent with the allegations' in the complaint." *First Nat'l Bank of Chicago v. ACCO USA, Inc.*, 842 F.Supp. 311, 316 (N.D.Ill.1994) (quoting *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992)). The court, however, is not obliged to accept mere conclusory allegations, without any supporting facts, as true. *See Tamari v. Bache & Co. (Lebanon) S.A.L.*, 565 F.2d 1194, 1199 (7th Cir.1977), *cert. denied*, 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978).

### II. NORWEST CORPORATION

Although Foothill, not Norwest, was plaintiff's immediate employer, plaintiff has named Norwest in all counts of her complaint, arguing that Norwest is an "employer" under Title VII or, alternatively, that Foothill and Norwest should be considered a "single employer" in this lawsuit. She states that, on "information and belief," the two corporations have: (1) interrelated operations; (2) common ownership and/or financial control; (3) common management; and (4) centralized control of labor relations. *See Rogers v. Sugar Tree Products*, 7 F.3d 577, 582 (7th Cir.1993) (listing above four requirements for two entities to be considered a single employer under Age Discrimination in Employment Act); *Lynam v. Foot First Podiatry Centers, P.C.*, 919 F.Supp. 1141, 1145 n. 3 (N.D.Ill.1996) (noting that *Rogers* criteria for single-employer liability is applicable to Title VII claims).

■ Allegations based on "information and belief" are usually sufficient to meet Rule 8 pleading requirements. *See Hall v. Carlson*, 1985 WL 2412, at *1 (N.D.Ill. Aug. 28, 1985). Unlike Rule 9, which is applicable to claims of fraud, Rule 8 has no requirement that the circumstances of the allegation be pleaded with particularity. *Id.* (citing 5 Wright & Miller, Federal Practice and Procedure: Civil § 1224, at 155, 157 (1969)); Fed.R.Civ.P. 8(a); Fed.R.Civ.P. 9(b). Moreover, even in fraud cases, there is an exception to the particularity requirement when the facts on which the allegations are based are in the defendant's control. *Truck Components, Inc. v. Beatrice Co.*, 1994 WL 520939, at *10 (N.D.Ill. Sept. 21, 1994).

■ Still, the liberal pleading standards in federal court are tempered by Rule 11. Fed.R.Civ.P. 11. Rule 11 requires attorneys to make a "reasonable inquiry" into the facts and law of a complaint prior to filing it with the court. *Muraoka v. American Osteopathic Assoc.*, 117 F.R.D. 616, 618 (N.D.Ill.1987). Information and belief pleadings do not violate Rule 11 but, "under some circumstances, [may] subject plaintiff or plaintiff's counsel or both to sanctions under Rule 11." *Zakutansky v. Bionetics Corp.*, 806 F.Supp. 1362,

1363 (N.D.Ill.1992). *See e.g., Muraoka,* 117 F.R.D. at 617–18 (imposing Rule 11 sanctions on attorneys for failure to make "reasonable inquiry" prior to filing Rehabilitation Act case that would have indicated that client had no standing to sue under Act); *Gallagher v. Kopera,* 789 F.Supp. 277, 278 (N.D.Ill.1992) (imposing Rule 11 sanctions on plaintiff's attorney for allegations on basis of information and belief); *Multi–M International, Inc. v. Paige Medical Supply Co.,* 142 F.R.D. 150, 152 (N.D.Ill.1992) (holding allegations of defendant's citizenship based on "information and belief" to be improper under Rule 11).

In this case, plaintiff's allegations against defendant Norwest push the limits of Rule 8 and, in so doing, come close to the boundaries of Rule 11. In her complaint, plaintiff does not claim that Norwest was her immediate employer, but suggests that it may still be considered an "employer" for Title VII purposes. Plaintiff is correct that a direct employer-employee relationship is not required under Title VII. *EEOC v. City of Evanston,* 854 F.Supp. 534, 538 (N.D.Ill. 1994). But, as defendants point out, plaintiff must still allege that defendants "unlawfully interfered with [her] access to employment." *Id.* Plaintiff makes no such allegation.

With respect to the single employer theory of liability, plaintiff's complaint fails to set forth a single fact that would lead her to believe that Norwest and Foothill have interrelated operations. Instead, her pleadings suggest that she has little, if any, "information" on which to base her "belief" that the two corporations should be considered a single employer under Title VII. In her complaint, plaintiff admits that she is unsure of the legal relationship between Norwest

and Foothill. In her reply, plaintiff simply states that Norwest *may* have assumed liability for the wrongs alleged in her complaint. Even accepting this fact as true, it cannot alone establish "single employer" liability under Title VII. *See Rogers,* 7 F.3d at 582. Additionally, plaintiff claims that, should she discover that Norwest and Foothill do not have interrelated operations sufficient to constitute a single employer or that Norwest did not acquire Foothill's liabilities, she "would certainly dismiss Norwest from this suit."

Although Rule 8 permits pleadings to be based on "information and belief," plaintiff's mere allegations concerning defendant Norwest and its connection with Foothill, coupled with her own admissions about the lack of a factual basis for such allegations, fall short of these requirements.[1] Accordingly, the court grants defendants' motion to dismiss Norwest from Counts I through VII[2] without prejudice. After discovery, plaintiff may renew her claims against Norwest should she find sufficient support to do so.

## III. SEX DISCRIMINATION UNDER TITLE VII

Title VII prohibits discrimination in employment based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a)(1). This prohibition is not limited to economic or tangible discrimination. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 22, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). It extends to " 'discriminatory intimidation, ridicule, and insult' " in the workplace that is " 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.' "

---

1. Plaintiff cites several cases to support her position that information and belief pleadings are sufficient on the single employer issue. However, in each of these cases, the plaintiff presented at least some facts to support the allegations in its complaint that the defendants should be considered a single employer under Title VII. *See Bark v. Emsco VIII, Ltd.,* 1994 WL 280077, at *16–18 (N.D.Ill. June 17, 1994) (finding that the plaintiff presented sufficient evidence demonstrating "that there was a fair amount of interrelation between [the defendants] such that she should not be precluded from exploring the confines of [that] interrelationship"); *Watson v. MCI Communications Corp.,* 1995 WL 124095, at *4,

1995 U.S.Dist. LEXIS 3557, at *12 (N.D.Ill Mar. 21, 1995) (denying the defendant MCIC's motion to dismiss or, in the alternative, for summary judgment because the plaintiff produced evidence that his paycheck, tax and benefit plan, and employee handbook suggested that he worked for MCIC so as to justify his belief that MCIC and MCIT were a single-employer under Title VII).

2. As explained below, this court grants defendant's motion to dismiss Count VIII against Norwest with prejudice.

*Id.* (quoting *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405–06, 91 L.Ed.2d 49 (1986)). Under Title VII, an employer will be liable for an employee's conduct if the employer knew or had reason to know of the employee's conduct and failed to take appropriate remedial action. *Saxton v. American Telephone and Telegraph Co.,* 10 F.3d 526, 535–36 (7th Cir.1993).

The standard for a hostile work environment claim under Title VII is both objective and subjective. *Id.* Based on the totality of the circumstances, plaintiff must demonstrate that the alleged discriminatory conduct created an environment that a reasonable person would find hostile or abusive *and* that the victim actually perceived as abusive. *Id.* at 370–71. Title VII also recognizes a "constructive discharge" doctrine that permits a plaintiff to resign and bring suit against her employer as if she were fired. To succeed on this theory, the plaintiff must demonstrate that her working conditions were so intolerable in a discriminatory way that they would have compelled a reasonable person to resign. *Chambers v. American Trans Air, Inc.,* 17 F.3d 998, 1005 (7th Cir.), *cert denied,* —— U.S. ——, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994).

In this case, plaintiff's complaint sets forth the essential elements of both her hostile working environment and constructive discharge claims. Plaintiff alleges that she was subjected to discriminatory conduct by Foothill,[3] which includes, but is not limited to: (1) being denied business, income-producing, and networking opportunities presented to her male peers; (2) being placed in a smaller office than a male co-worker to whom she was senior; and (3) being subjected to various derogatory comments. On the basis of such conduct, plaintiff claims to have been subjected to a working environment which was so abusive that she was forced to resign.

Plaintiff also claims that she reported the alleged discriminatory conduct to Diehl and to the Vice–President of Human Resources at Foothill and Norwest, but that no remedial action was taken. Given these allegations, this court finds plaintiff's complaint to be sufficient to have put Foothill on notice of plaintiff's Title VII claims based on the theories of hostile working environment and constructive discharge.[4] Accordingly, defendant's motion to dismiss Count I against Foothill is denied.

## IV. WAGE CLAIMS UNDER THE EQUAL PAY ACT AND TITLE VII

The Equal Pay Act ("EPA") prohibits discrimination in the payment of wages on the basis of gender. *See* 29 U.S.C. § 206(d). "Wages" is to be construed broadly, which includes non-monetary compensation such as fringe benefits. 29 C.F.R. § 1620.10. To state a prima facie case under the Equal Pay Act, a plaintiff must demonstrate that: "(1) the employer paid different wages to employees of opposite sexes, (2) for equal work requiring equal skill, effort and responsibility, and (3) the employees worked under similar working conditions." *Young v. Meystel, Inc.,* 1996 WL 385339, at *2 (N.D.Ill. July 13, 1996) (citing *Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974)).

In her complaint, plaintiff alleges the elements of a prima facie case for differential wage treatment under the Equal Pay Act. She claims that her male peers received "house accounts" and other business opportunities from which she was excluded and which had the effect of her receiving reduced wages. In particular, plaintiff alleges that Diehl spent more time with and presented more networking opportunities to Sadilek, who held the same position as plaintiff (vice-president of marketing) in the same Foothill

---

3. Plaintiff has also made these and other allegations against Norwest. However, this court's decision to grant defendants' motion to dismiss all counts against Norwest makes it unnecessary for it to discuss further plaintiff's claims against Norwest.

4. To prevail on her constructive discharge claim, plaintiff may ultimately need to show more than a "hostile working environment." *White v. Dial Corporation,* 1995 WL 218535 (7th Cir.1995) ("Circumstances that might be adequate to establish a hostile work environment for purposes of Title VII will not necessarily suffice to establish a constructive discharge."). However, at this stage, plaintiff's allegations are sufficient to withstand defendant's motion to dismiss.

branch office (Chicago). While Foothill may offer reasons for its differential treatment in wages of plaintiff and her male co-workers, such defenses are not relevant at this stage. Her allegations are sufficient to put defendants on notice of her wage claim under the Equal Pay Act. Thus, defendant's motion to dismiss plaintiff's claim under the Equal Pay Act in Count II is denied.

Title VII also allows a plaintiff to bring a claim for differential wage treatment on the basis of gender. *Meystel,* 1996 WL 385339, at *3. Although the law is unclear on the exact elements of the prima facie case in this context, this Circuit has held that a plaintiff must produce evidence that she was paid less than a similarly situated male. *Johnson v. Univ. of Wisc.–Eau Claire,* 70 F.3d 469, 478 (7th Cir.1995). Plaintiff's satisfaction of the pleading requirements for a wage claim under the Equal Pay Act are also sufficient to support her Title VII claim. *Id.* Accordingly, defendants' motion to dismiss plaintiff's Title VII claim in Count II is denied.

## V. RETALIATION UNDER TITLE VII AND THE FAIR LABOR STANDARDS ACT

A prima facie case for retaliation under Title VII includes a showing that: (1) the plaintiff engaged in statutorily protected expression; (2) the plaintiff suffered an adverse employment action; and (3) there was a causal link between the protected expression and the adverse action. *EEOC v. Home by Hemphill,* 1995 WL 683502, at *2 (N.D.Ill. Nov. 16, 1995) (citing *Dey v. Colt Const. & Development Co.,* 28 F.3d 1446, 1457 (7th Car.1994)). In this case, plaintiff claims that she complained about various acts of discrimination to Diehl and the vice-president of human resources at Foothill and Norwest. Following these complaints, plaintiff contends that she suffered additional acts of discrimination that eventually led to her decision to resign. This court finds that these allegations are sufficient to put defendants on notice of plaintiff's Title VII retaliation claim against Foothill. Accordingly, defendant's motion to dismiss Count III against defendant Foothill is denied.

The Fair Labor Standards Act ("FLSA"), which encompasses the Equal Pay Act ("EPA"), also recognizes retaliation claims. *Id.* at *2–3. Section 215(a)(3) of the FLSA states: "[I]t shall be unlawful for any person ... to discharge or in any other manner to discriminate against any employee *because* such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter ..." 29 U.S.C. § 215(a)(3) (emphasis added). The elements of a claim for retaliation under the FLSA mirror those under Title VII: (1) the plaintiff has engaged in statutorily protected expression; (2) she suffered an adverse action by her employer; (3) there is a causal link between the protected expression and the adverse action. *Larsen v. Club Corp. of America,* 855 F.Supp. 247, 253 (N.D.Ill.1994).

Count IV of the complaint alleges retaliation in violation of the FLSA against all defendants. Plaintiff has alleged that she reported the alleged discriminatory conduct to both Diehl and the Vice–President of the Human Resources Department at Foothill and Norwest. These allegations support the third prong of plaintiff's prima facie case of retaliation against Foothill and Diehl, but not against Sadilek. Courts in this Circuit have suggested that, for the "causal link" prong to be satisfied, the decisionmaker of the adverse action should have knowledge that the plaintiff engaged in a statutorily protected activity. *Larsen,* 855 F.Supp. at 253 & n. 16; *Schneider v. Northwestern Univ.,* 925 F.Supp. 1347, 1372 (N.D.Ill.1996) ("To establish the causal link [in Title VII case], plaintiff must demonstrate that her employer would not have taken the adverse action but for the protected expression."). Plaintiff contends that the retaliation she suffered in response to her complaints was in the form of additional discriminatory acts which lead to her decision to resign. Nowhere in her complaint, however, does plaintiff allege that Sadilek knew of her complaints to Diehl and the human resources department. Assuming that Sadilek lacked such knowledge, his additional acts of discrimination against plaintiff, if any, could not have been in retaliation nor taken *because* of plaintiff's complaints.

Thus, plaintiff has failed to set forth a prima facie case of retaliation under the FLSA against Sadilek. Accordingly, defendant's motion to dismiss Count IV with respect to Sadilek is granted and denied with respect to Foothill and Diehl.

## VII.   DEFAMATION PER SE

■ Under Illinois law, the elements of a claim for defamation are: (1) a defamatory assertion of fact about defendant; (2) publication; and (3) injury to plaintiff's reputation. *Finley v. Rodman & Renshaw, Inc.,* 1993 WL 512608, at *2 (N.D.Ill. Dec. 8, 1993). Words are considered defamatory per se under Illinois law if they: "(1) impute the commission of a criminal offense; (2) impute infection with a loathsome communicable disease; (3) impute inability to perform or want of integrity in the discharge of duties of office or employment; or (4) prejudice a party, or impute lack of ability, in his trade, profession or business." *Beasley v. St. Mary's Hospital,* 200 Ill.App.3d 1024, 146 Ill.Dec. 714, 720, 558 N.E.2d 677, 683 (1990). Also under Illinois law, a corporate defendant is jointly and severally liable for the defamatory statements actionable against its employee when the employee is acting within the scope of his employment. *Reed v. Northwestern Publishing Co.,* 124 Ill.2d 495, 125 Ill.Dec. 316, 326, 530 N.E.2d 474, 484 (1988), *cert. denied,* 489 U.S. 1067, 109 S.Ct. 1344, 103 L.Ed.2d 813 (1989).

■ Plaintiff alleges that Sadilek committed slander per se when he told a "business associate" that plaintiff was "double dealing" between Foothill and the company for which plaintiff's husband is the managing director. Plaintiff further contends that Sadilek told this "business associate" that plaintiff was terminated for such conduct. This court finds these allegations sufficient to set forth the elements of a defamation claim under Illinois law. Since Sadilek's alleged statements concern plaintiff's professional competence and integrity, plaintiff is correct in characterizing the statements as slander per

se. The element of publication is satisfied because Sadilek allegedly made these statements to a third party. *Beasley,* 146 Ill.Dec. at 720, 558 N.E.2d at 683. With respect to the third element, plaintiff contends that Sadilek made such statements with malice and with knowledge of their falsity, and that they had the intended effect of ruining her professional reputation. Moreover, plaintiff's allegations that the statements were made to a "business" associate concerning plaintiff's professional performance and integrity suggest they were made while Sadilek was acting in the scope of his employment, which is sufficient at this stage to state a claim against Foothill.

■ In the alternative to arguing that plaintiff has failed to state a claim for slander per se, defendants argue that plaintiff's allegations are too vague for them to form a responsive pleading. Specifically, defendants argue that plaintiff has failed to plead sufficient facts for defendants to address whether Foothill is liable under a respondeat superior theory or whether defendants have any qualified privilege defense.

■ Because federal notice pleading standards are procedural rules, they are applicable to plaintiff's pendent state law claims under the *Erie* doctrine. *Vantassell-Matin v. Nelson,* 741 F.Supp. 698, 707 (N.D.Ill.1990) (applying federal pleading requirements in diversity case). The federal rules contain an "haec verba" pleading requirement that requires a plaintiff making a claim of defamation to set forth in her complaint the alleged defamatory words published or spoken by the defendant. *Id.* The rationale of the requirement is that "general knowledge of the exact language used is necessary to form a responsive pleading." *Id.* Courts in this district, however, have held that the defamatory language need not be quoted verbatim. *Id.* at 707–08; *Pelech v. Klaff-Joss, LP,* 828 F.Supp. 525, 534 (N.D.Ill.1993).[5]

In arguing that plaintiff's allegations are too vague, defendants emphasize plaintiff's failure to specify the name of the "business

---

**5.** As noted by the defendant, the *Pelech* court found it "troubling" that the plaintiff in that case failed to allege who made the defamatory statements and to whom they were made. *Pelech,*

828 F.Supp. at 534. The court, nonetheless, determined that the complaint was sufficient to put the defendants on notice of the plaintiffs' defamation claim.

associate" or the date on which the statement allegedly was made. While this court recognizes the need for specificity in defamation cases, it finds that plaintiff's defamation claim should not fail for vagueness. Plaintiff has alleged the basic substance of the statements (that plaintiff was terminated for "double dealing") and that they were made by Sadilek. The exact details of the exchange may be discerned through discovery.

■ Also, plaintiff's failure to negate any qualified privilege defense that defendants may have is of no consequence in this case. The complaint does not "affirmatively show that the [statement] is protected by a privilege." *Beasley*, 146 Ill.Dec. at 721, 558 N.E.2d at 684. Accordingly, plaintiff is not required to plead facts showing that the statement is not privileged. *Id.* Moreover, this court determines that plaintiff's statements are made with sufficient particularity for defendants to determine whether they have any qualified privilege defense. For these reasons, this court denies defendants' motion to dismiss Count V against Foothill and Sadilek.

## VIII. FALSE LIGHT

■ There are four branches of invasion of privacy torts: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) public disclosure of private facts; and (4) publicity placing another in a false light. *Roehrborn v. Lambert*, 277 Ill.App.3d 181, 213 Ill.Dec. 923, 924, 660 N.E.2d 180, 181 (1995). A cause of action for false light requires that: (1) the allegations in the complaint show that plaintiff was placed in a false light before the public as a result of the defendants' actions; (2) "the court must determine whether a trier of fact could decide that the false light in which the plaintiffs were placed would be highly offensive to a reasonable person"; and (3) "the plaintiffs must allege and prove that the defendants acted with actual malice, that is, with knowledge that the statements were false or with

reckless disregard for whether the statements were true or false." *Kolegas v. Heftel Broadcasting Corporation*, 154 Ill.2d 1, 180 Ill.Dec. 307, 315, 607 N.E.2d 201, 209 (1992).

■ The "publicity" prong for invasion of privacy torts is different from the "publication" requirement in defamation cases. *Roehrborn*, 213 Ill.Dec. at 924, 660 N.E.2d at 181 (citing Restatement of Torts (Second), § 652D, comment a, at 384).[6] In a defamation case, "publication" simply means that the alleged defamatory statement be made to a third person. *Id.* "Publicity" in an invasion of privacy tort means communicating the matter to the public at large or to so many persons that the matter must be regarded as one of general knowledge. *Id.* However, where the plaintiff has a special relationship with the individuals to whom the matter was disclosed, the "publicity" requirement may be satisfied by disclosure to a small number of people. *Miller v. Motorola*, 202 Ill.App.3d 976, 148 Ill.Dec. 303, 306, 560 N.E.2d 900, 903 (1990). The rationale is that the disclosure "may be just as devastating to the person even though the disclosure was made to a limited number of people." *Id.* at 306, 560 N.E.2d at 903.

■ In Count VI of her complaint, plaintiff simply contends that Sadilek placed her in a false light as a malfeasant officer to one "business associate." Plaintiff makes no claim that she and the unnamed business associate had a special relationship such as that of employee-supervisor or co-worker. Without more, plaintiff cannot meet the publicity requirement of a false light claim. Defendant's motion to dismiss Count VI against Foothill, Norwest, and Sadilek is granted.

## IX. PUBLIC DISCLOSURE OF PRIVATE FACTS

■ To state a claim for public disclosure of private facts, a plaintiff must plead that: (1) private facts were disclosed to the public; (2) the facts were private, and not public, facts; and (3) the matter publicized was such

---

**6.** *Roehrborn* dealt with the tort of public disclosure of private facts, and its citation to the Restatement refers to the publicity requirement for *that* tort. However, the Restatement explicitly states that the publicity requirement for false light claims is the same. Restatement (Second) of Torts s 652E, comment a (1977).

as to be highly offensive to a reasonable person. *Miller,* 148 Ill.Dec. at 305, 560 N.E.2d at 902.

■ Count VII alleges that Sadilek made comments about the personal lives of plaintiff and her husband to "at least one prospective client and in the presence of Diehl." Disclosure to Diehl, plaintiff's supervisor, may meet the publication requirement for this tort because Diehl and plaintiff have the type of "special relationship" that is described in *Miller.* 148 Ill.Dec. at 306, 560 N.E.2d at 903. Still, plaintiff's allegations are insufficient because they do not plead that the facts disclosed were "private." Comments about the "personal lives" of a couple could mean comments about the number of children the couple has or the restaurants that they go to on weekends. Such comments would not be considered "private" facts for purposes of an invasion of privacy tort. *See Haynes v. Alfred A. Knopf, Inc.,* 8 F.3d 1222, (7th Cir. 1993) (book revealing plaintiff's heavy drinking, unstable employment, and his irresponsible behavior towards his wife and children did not constitute tort of public disclosure of private facts because book did not reveal intimate details of plaintiff's life). This court respects plaintiff's decision not to recite the exact language used or the details of Sadilek's comments. Nevertheless, in order for the defendants to form a responsive pleading, plaintiff must plead more than she does in her complaint. Thus, this court grants defendants' motion to dismiss Count VII against Foothill and Sadilek without prejudice.

## X. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■ To set forth a claim for intentional infliction of emotional distress under Illinois law, a plaintiff must show that: (1) the defendant's conduct was extreme and outrageous; (2) the plaintiff suffered severe emotional distress as a result of such conduct; and (3) the defendant intended that his conduct inflict severe emotional distress, or knew that there was at least a high probabili-

ty that it would cause severe emotional distress. *McGrath v. Fahey,* 126 Ill.2d 78, 127 Ill.Dec. 724, 727, 533 N.E.2d 806, 809 (1988). Extreme and outrageous conduct is defined as conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Public Finance Corp. v. Davis,* 66 Ill.2d 85, 4 Ill.Dec. 652, 657, 360 N.E.2d 765, 765–67 (Ill.1976). It must be more than "mere insults [and] indignities." *Id.*

■ Allegations that a plaintiff was "a victim of sexual harassment ... [or] retaliatory discharge [do] not necessarily mean that she has a cause of action for intentional infliction of emotional distress." *Miller v. Equitable Life Assur. Soc.,* 181 Ill.App.3d 954, 130 Ill.Dec. 558, 560, 537 N.E.2d 887, 889 (1989). In *Harriston v. Chicago Tribune Co.,* 992 F.2d 697, 702–03 (7th Cir.1993), the Seventh Circuit held that the plaintiff had failed to state a claim for intentional infliction of emotional distress for being subjected to a series of discriminatory acts. The plaintiff complained of: "not being allowed to supervise two white subordinates; being reprimanded for no reason; ... having a major account taken away from her and being given one of the least lucrative sales territories; being excluded from office activities; ... [and] being falsely accused of having poor sales." *Id.* at 703.

■ Plaintiff's allegations in this case are similar to those of the plaintiff in *Harriston.* Plaintiff claims that she was denied various business and advance opportunities, that she was subjected to derogatory comments, and that she was retaliated against for complaining about acts of gender discrimination. This court finds that these acts do not rise to the level of "outrageous conduct" necessary for a claim of intentional infliction of emotional distress. Accordingly, this court grants defendants' motion to dismiss Count VIII against Foothill, Norwest, Diehl, and Sadilek.[7]

---

7. Because this court has determined that plaintiff has not set forth a claim for intentional infliction of emotional distress, it need not address wheth-
er the Illinois Worker's Compensation Act would bar such a claim against Foothill and Norwest. 820 ILCS 305/1 *et seq.*

## CONCLUSION

For the reasons set forth above, this court grants defendants' motion to dismiss without prejudice on the following counts: Counts I through V and VII against Norwest, and Count VII against Foothill and Sadilek. This court grants defendants' motion to dismiss with prejudice the following counts: Count IV against Sadilek; Count VI against Foothill, Norwest, and Sadilek; and Count VIII against all defendants. This court denies defendants' motion to dismiss the following counts: Counts I through V against Foothill; Count IV against Diehl; and Count V against Sadilek. Plaintiff is directed to file an amended complaint conforming to this opinion on or before the next status report on October 10, 1996. At that time, the parties shall present to the court a definitive discovery plan.