JOHN DOE, Plaintiff-Appellant, v. TCF BANK ILLINOIS, FSB, Defendant-Appellee.

First District (1st Division)   No. 1—97—3832

Opinion filed January 4, 1999.

840

Thomas M. Paris, of Chicago, for appellant.

Varga, Berger, Ledsky, Hayes & Casey, of Chicago (Craig A. Varga and Michael D. Hayes, of counsel), for appellee.

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, using the name "John Doe," filed a complaint against defendant, TCF Bank, alleging invasion of privacy. The trial court dismissed plaintiff's complaint pursuant to section 2—615 of the Code of Civil Procedure. 735 ILCS 5/2—615 (West 1992). Plaintiff appeals. We affirm.

Plaintiff alleged that in 1995 or 1996 he was contacted by one of defendant's loan officers, who offered him a home equity loan to pay off his credit card debts of over $100,000. Plaintiff declined. The loan officer subsequently made several more calls to plaintiff at his place of business regarding the offer of a home equity loan; each time, plaintiff declined the offer.

In June 1996, the loan officer again contacted plaintiff, telling him that she would like to talk to his spouse so as to advise her of plaintiff's debt situation and the advisability of a home equity loan. Plaintiff expressed his opposition because he had "taken extraordinary care to keep the amount of his debt concealed from his spouse." Despite plaintiff's opposition, the loan officer subsequently contacted plaintiff's spouse and disclosed to her the total amount of plaintiff's indebtedness to various credit card companies.

Plaintiff's complaint alleges that defendant's loan officer publicly

disclosed private facts and thus invaded his privacy when she informed his spouse about his credit card debts. Plaintiff contends the disclosure caused "a loss of reputation and stature that the plaintiff had with his wife" as well as "marital disharmony and mental anguish." The trial court dismissed plaintiff's complaint pursuant to section 2—615 of the Code of Civil Procedure.

■ When ruling on a section 2—615 motion to dismiss, the trial court accepts as true all well-pleaded facts and all reasonable inferences drawn therefrom. *Green v. Chicago Tribune Co.*, 286 Ill. App. 3d 1, 4 (1996). The trial court should not dismiss a complaint pursuant to section 2—615 unless it clearly appears no set of facts could be proved under the pleadings entitling plaintiff to relief. *Green*, 286 Ill. App. 3d at 4-5. In making such a determination, the trial court interprets the allegations of the complaint in the light most favorable to plaintiff. *Green*, 286 Ill. App. 3d at 5. In reviewing orders on a motion to dismiss, the appellate court applies a *de novo* standard of review. *Roehrborn v. Lambert*, 277 Ill. App. 3d 181, 183 (1995).

■ The public disclosure of private facts is one branch of the tort of invasion of privacy. *Green*, 286 Ill. App. 3d at 5. To state a cause of action for the public disclosure of private facts, plaintiff must plead: (1) defendant gave publicity; (2) to his private, not public, life; (3) the matter publicized was highly offensive to a reasonable person; and (4) the matter published was not of legitimate public concern. See *Green*, 286 Ill. App. 3d at 5.

■ With regard to the first prong of the tort, the publicity element, the Restatement (Second) of Torts indicates that the required communication must be made to more than just a single person or small group. See Restatement (Second) of Torts § 652D, Comment *a*, at 384 (1977) ("[Public disclosure] *** means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge").

However, an exception to the general rule provides that the publicity element may be satisfied by disclosing the matter to a small number of persons who have a "special relationship" with plaintiff, such as fellow employees, club members, church members, or family. See *Miller v. Motorola, Inc.*, 202 Ill. App. 3d 976, 980-81 (1990). In *Miller*, the court held that plaintiff stated a cause of action for public disclosure of private facts by alleging that her employer had disclosed her mastectomy surgery to some coworkers. *Miller* justified its flexible application of the publicity requirement by stating that "in circumstances where a special relationship exists between the plaintiff and the public to whom the information has been disclosed, the disclosure

may be just as devastating to the person even though the disclosure was made to a limited number of people." *Miller*, 202 Ill. App. 3d at 980.

The special relationship exception articulated in *Miller* was subsequently limited by *Roehrborn v. Lambert*, 277 Ill. App. 3d 181 (1995). Roehrborn was employed as a probationary officer by the Village of River Grove (hereinafter Village). The Village's chief of police, Thomas Lambert, arranged for Roehrborn to attend a police training school. Before attending the school, the Board of Fire and Police Commissioners (hereinafter Board) required Roehrborn to take polygraph and psychological tests. The examiners subsequently informed the Board and Lambert that Roehrborn had failed the tests. Lambert then wrote a letter to Jim Whitmore, the administrator at the school, telling him that Roehrborn had failed the tests. *Roehrborn*, 277 Ill. App. 3d at 183.

Roehrborn brought a complaint against Lambert for the public disclosure of private facts. Relying on *Miller*, Roehrborn argued that he met the publicity element because he had a special relationship with Whitmore, the "public" to whom the information was disclosed. *Roehrborn*, 277 Ill. App. 3d at 184.

The *Roehrborn* court disagreed, holding that the special relationship exception does not apply when the recipient of the information has a "natural and proper interest" in the information. *Roehrborn*, 277 Ill. App. 3d at 185. Since Whitmore and the police training school had a natural and proper interest in knowing the performance of applicants on the psychological and polygraph tests, Lambert's disclosure of those test results to Whitmore failed to satisfy the publicity requirement for the public disclosure of private facts. *Roehrborn*, 277 Ill. App. 3d at 185.

*Roehrborn* was followed in *Stern v. Great Western Bank*, 959 F. Supp. 478 (N.D. Ill. 1997). Thomas Stern's former wife filed a petition for contribution of college expenses for their son. Stern claimed as a defense that he was financially unable to pay the college expenses. *Stern*, 959 F. Supp. at 481. The former wife's attorney, Ellen Weisz, then sent a subpoena *duces tecum* to defendant bank, requesting that defendant produce financial information regarding Stern. *Stern*, 959 F. Supp. at 481. Defendant sent the requested information to Weisz. *Stern*, 959 F. Supp. at 481. Stern filed a complaint against defendant for the public disclosure of private facts. Relying on *Miller*, Stern argued he met the publicity element because he had a special relationship with Weisz, the only person to whom the financial information was disclosed. *Stern*, 959 F. Supp. at 482. The trial court disagreed, finding that, as in *Roehrborn*, Weisz had a "natural and proper" inter-

est in viewing the financial information because she was the attorney representing Stern's former wife in a legal proceeding where Stern's financial situation was in dispute. *Stern*, 959 F. Supp. at 483.

■ In the present case, plaintiff contends he satisfied the publicity element by pleading that defendant's loan officer disclosed plaintiff's credit card debt to his spouse, a person with whom he shares a special relationship. See *Miller*, 202 Ill. App. 3d at 980-81, (includes "family" in the definition of a "special relationship"). However, similar to *Roehrborn* and *Stern*, plaintiff's spouse has a "natural and proper interest" in knowing about plaintiff's credit card debt because, depending on the nature of those debts, she is potentially liable therefor. See 750 ILCS 65/15 (West 1992) (the Rights of Married Persons Act) (which provides that a husband and wife are jointly and separately liable for expenses of the family). Also, plaintiff's spouse has a legitimate concern in learning about the credit card debt because said debt decreases the value of her interest in the marital property and in plaintiff's estate, thereby potentially adversely affecting her future financial security in the event of divorce or plaintiff's death. See 750 ILCS 5/101 *et seq.* (West 1992) (the Illinois Marriage and Dissolution of Marriage Act); 755 ILCS 5/1 *et seq.* (West 1992) (the Probate Act of 1975).

Since plaintiff's spouse has a natural and proper interest in knowing about the credit card debts incurred by plaintiff, defendant's disclosure of said information to her did not satisfy the publicity element for the public disclosure of private facts. See *Roehrborn* 277 Ill. App. 3d 181; *Stern*, 959 F. Supp. 478.

Plaintiff contends *Roehrborn* and *Stern* are inapposite, because in each of those cases the plaintiff knowingly "put his private information at issue." Specifically, plaintiff argues Roehrborn put his polygraph and psychological tests at issue by agreeing to take those tests before entering the police school, and Stern put his financial records at issue by raising his financial inability to pay his son's education. By contrast, plaintiff argues he never put information about his credit card debts at issue; rather, defendant released said information without his knowledge.

Plaintiff's argument is unavailing. The issue in *Roehrborn* and *Stern*, as it is here, was whether the recipient of the allegedly private information had a "natural and proper interest" in the information. If the recipient has such an interest, then the information is not considered public for purposes of the public disclosure of private facts tort. As we discussed above, plaintiff's spouse has a natural and proper interest in the credit card debt incurred by plaintiff; therefore, the information disclosed to her about those debts was not public and the trial court thus properly dismissed plaintiff's complaint.

*People v. Jackson*, 116 Ill. App. 3d 430 (1983), cited by plaintiff, does not compel a different result. In *Jackson*, defendant filed a motion to suppress a subpoena *duces tecum* for her bank records. *Jackson*, 116 Ill. App. 3d at 432. Defendant contended the seizure of her bank records was unreasonable. *Jackson*, 116 Ill. App. 3d at 432. The appellate court determined that "the Illinois Constitution offers protection for the reasonable expectation of privacy which our citizens have in their bank records." *Jackson*, 116 Ill. App. 3d at 434-35. The court then balanced the public interest against defendant's need for privacy and found that the intrusion into defendant's bank records was reasonable. *Jackson*, 116 Ill. App. 3d at 435-36.

*Jackson* is clearly inapposite to the present case, which involves the dismissal of a complaint for the public disclosure of private facts, as opposed to a motion to suppress a subpoena *duces tecum*. Nowhere in *Jackson* does the court analyze the relevant and dispositive issue here, *i.e*, whether the recipient of allegedly private information has a natural and proper interest therein such that the publicity element of the tort is not met.

■ Plaintiff next contends the trial court erred by denying his motion for leave to amend, and he asks us to remand this cause so that he may file an amended complaint. Plaintiff waived review of this issue by failing to include his proposed amended complaint in the record on appeal. *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d 507, 521 (1987).

For the foregoing reasons, we affirm the trial court.

Affirmed.

GALLAGHER and O'MARA FROSSARD, JJ., concur.