Gayle J. GALLAGHER, Plaintiff,

v.

Lance M. KOPERA, David J. Kelly, the Village of Glenview, a municipal corporation, Defendants.

No. 92 C 508.

United States District Court,
N.D. Illinois, E.D.

April 22, 1992.

John James Lewis, Louis M. Bruno, O'Keefe, Lewis & Bruno, P.C., Skokie, Ill., for plaintiff.

Richard T. Wimmer, Dennis G. Walsh, Philippe R. Weiss, Klein, Thorpe & Jenkins, Ltd., Chicago, Ill., for defendants.

## ORDER

LINDBERG, District Judge.

■ The facts alleged by plaintiff to give rise to claims against defendants Village of Glenview and David J. Kelly are stated in the complaint as follows:

18. *On information and belief,* Defendants David J. Kelly and the Village of Glenview had prior notice or should have known of the propensities of Defendant Kopera to act out side of his lawful authority, but took no steps to train him, correct his abuse of authority, or to discourage his unlawful use of authority. The failure to properly train Defendant Kopera included the failure to instruct him in applicable provisions of the Illinois Revised Statutes and with proper and prudent use of force.

19. *On information and belief,* Defendants Village of Glenview and Chief of Police Kelly authorized, tolerated, and ratified the misconduct hereinbefore detailed by:

A) Failing to properly discipline, restrict, and control employees, including Defendant Kopera known to be irresponsible in their dealings with citizens of the community.

B) Failure to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically Defendant Lance M. Kopera.

(Emphasis added.) These allegations are made:

[O]n "information and belief," a clearly improper locution under the current federal rules, which impose (in the amended Rule 11) a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch.

*Bankers Trust Company v. Old Republic Insurance Company,* 959 F.2d 677, 683–84 (7th Cir, 1992). Disregarding the improperly-made allegations at paragraphs 18 and 19, there are no allegations that would support claims against the Village of Glenview or against David J. Kelly in either his official or his individual capacity. The court thus need not rule on the sufficiency of the allegations if they had been made other than on information and belief; but notes for the guidance of the parties that the allegations do not appear to be sufficient to state the civil rights claims plaintiff was attempting to allege even if they had not been made on information and belief.

■ The pendent state claims must be dismissed for two reasons. First, the same paragraphs 18 and 19 are necessary to support the pendent state claims as was true of the federal claims. Those paragraphs are just as improper in form for the pendent state claims as they are for the federal claims, and so will not be considered in support of those claims. Second, with the federal claims being dismissed, the pendent state claims must also be dismissed in accordance with the general rule of handling such claims.

■ The allegations made on information and belief violate Rule 11. FRCP 11; *Bankers Trust Company v. Old Republic Insurance Company,* 959 F.2d 677, 683–84 (7th Cir, 1992). Plaintiff's counsel thus signed the complaint in violation of Rule 11, and this court must impose an appropriate sanction. See FRCP 11. The court determines that an appropriate sanction would be the payment by plaintiff's attorney of the attorney fees necessarily incurred by defendants' attorney in excess of the attorney fees that would have been necessarily incurred if the complaint had contained only the claims against defendant Lance M. Kopera. Defendants' attor-

ney shall prepare an affidavit itemizing those attorney fees and a draft order requiring plaintiff's counsel to pay the amount of attorney fees imposed as a sanction.