**MULTI–M INTERNATIONAL, INC., Plaintiff,**

v.

**PAIGE MEDICAL SUPPLY CO., INC. and Philip Beham, Defendants.**

**No. 92 C 1866.**

United States District Court, N.D. Illinois, E.D.

April 24, 1992.

Stuart D. Perlman, Perlman & Horvitz, Chicago, Ill., for plaintiff.

---

## MEMORANDUM AND ORDER

LINDBERG, District Judge.

Plaintiff, Multi–M International, Inc. (Multi–M), has filed a four count complaint alleging state law claims against defendants, Paige Medical Supply Co., Inc. (Paige) and Philip Beham (Beham). Plaintiff has attempted to allege this court's jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1332(a). Plaintiff has failed in this attempt.

The complaint alleges this court's jurisdiction as follows:

1. At all times mentioned herein, Plaintiff Multi–M International, Inc., (hereinafter "Multi–M") was a corporation under the Laws of the State of New York and had its principal place of business at 524 Main Street, New Rochelle, New York, 10801 and is in the business of importing and selling to customers in the United States various medical supplies, including surgical towels.

2. At all times mentioned herein Defendant Paige Medical Supply Co., Inc. (hereinafter "Paige"), was, upon information and belief, a corporation organized under the Laws of the State of Illinois with its principal place of business at 1020 West Van Buren Street, Chicago, Illinois 60607.

3. At all times mentioned herein, Defendant Philip Beham (hereinafter "Beham"), was, upon information and belief, a resident of the State of Illinois with a place of business at 1020 West Van Buren Street, Chicago, Illinois, 60607 and is purportedly the owner of all or substantially all of the shares of Paige.

## JURISDICTION

[4.] Jurisdiction is founded upon 28 U.S.C.A. Sec. 1332(a)(1), this being a controversy between citizens of different States. The amount in controversy exceeds $50,000.00.

As occurs all too commonly, plaintiff has failed to adequately allege this court's jurisdiction.

Prior to discussing the deficiencies in the jurisdictional allegations of the complaint, a procedural note is in order. No motion to dismiss has been made; this court has made the determination that the complaint does not adequately allege its jurisdiction *sua sponte.* This presents no bar to action by this court, for:

> [T]he rule is well settled that the party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the competence of that court. The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Thus the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint....
>
> .   .   .   .   .
>
> .... [I]t is well settled that a federal court ... is obliged to notice on its own motion the want of its own jurisdiction....

Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, 13 *Federal Practice and Procedure* § 3522 at 62–63, 69–70 (West 2d Ed 1984).

The relevant statute provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

(1) citizens of different states[.]

.   .   .   .   .

(c) For purposes of this section ...—

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ... [.]

28 U.S.C. § 1332. Complete diversity is required under this statute. *Carden v. Arkoma Associates*, 494 U.S. 185, 187–88, 110 S.Ct. 1015, 1017, 108 L.Ed.2d 157 (1990). See Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, 13B Federal Practice and Procedure § 3605 (West 2d Ed 1984). It is the citizenship, rather than the residence, of the parties that must be considered in determining whether diversity of citizenship exists. See Charles Alan Wright, & Arthur R. Miller, 5 Federal Practice and Procedure § 1208, at 101 (West 2d Ed 1990), and 13B Federal Practice and Procedure § 3602 (West 2d Ed 1984). Diversity is assessed at the time the action is filed. *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, —— U.S. ——, ——, 111 S.Ct. 858, 859–60, 112 L.Ed.2d 951 (1991); Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, 13B Federal Practice and Procedure § 3608 (West 2d Ed 1984 & 1992 Supp).

■ All allegations of the complaint with respect to the citizenship of the parties are prefaced by the phrase "[a]t all times mentioned herein." In other words, the allegations are of facts that existed at the time the claims are alleged to have arisen, not at the time of the filing of the complaint. For all the complaint says, either or both of the defendants could have been citizens of the same state as plaintiff by the time the complaint was filed. This alone would warrant dismissal of the complaint for failure to adequately allege this court's jurisdiction, but there is more wrong with this complaint's attempt to allege this court's jurisdiction.

Plaintiff alleges that defendant Beham (an individual) is a resident of, and has a place of business in, Illinois. However, plaintiff has not alleged defendant Beham's citizenship, which is what is required. See Charles Alan Wright, & Arthur R. Miller, 5 Federal Practice and Procedure § 1208, at 101 (West 2d Ed 1990), and 13B Federal Practice and Procedure § 3602 (West 2d Ed 1984). This, too, would warrant dismissal of this complaint, but there is yet more that is deficient in the complaint's attempt to allege this court's jurisdiction.

■ All allegations concerning the citizenship of the defendants are made upon: "[I]nformation and belief," a clearly improper locution under the current federal rules, which impose (in the amended Rule 11) a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch. *Bankers Trust Company v. Old Republic Insurance Company*, 959 F.2d 677, 683 (7th Cir.1992). Accordingly, all of the allegations contained in the complaint concerning defendants' citizenship must be ignored in assessing whether plaintiff has adequately pled diversity of citizenship. Consequently, even if the complaint had alleged the appropriate facts for the appropriate time, it would be necessary to dismiss the complaint because making those allegations "upon information and belief" is improper under Rule 11 and the remaining properly made allegations would be insufficient to support this court's jurisdiction. FRCP 11; *Bankers Trust Company v. Old Republic Insurance Company*, 959 F.2d 677, 683–84 (7th Cir.1992).

It may be possible for plaintiff to correct the deficiencies noted in its allegation of diversity jurisdiction. Therefore, if plaintiff chooses, it may file an amended complaint correcting the deficiencies in the allegations concerning this court's jurisdiction.

ORDERED: The complaint is dismissed *sua sponte*. Plaintiff is granted leave to file an amended complaint on or before May 20, 1992.