SYSCON, INC., Plaintiff,

v.

VEHICLE VALUATION SERVICES, INC., Neil Blitstein, Jim Kennedy, d/b/a Datacorp, Dean Delisle d/b/a Delcom, Inc., Maria Arndt and Claim-coach.com, Defendants.

No. 02 C 7263.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 4, 2003.

Kara Eve Foster Cenar, Welsh & Katz, Ltd., Chicago, IL, for Plaintiff.

Jeffrey H. Bunn, Katz, Randall & Weinberg, Chicago, IL, for Defendants.

## MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court is the motion of defendant Neil Blitstein to dismiss the complaint of plaintiff Syscon, Inc. as to him.

## I. BACKGROUND

Syscon develops and writes software programs, one of which is the subject of this litigation, a "vehicle valuation software program." In short, it would appear that defendants engaged plaintiff to develop a customized program and, as a result of a financial dispute and product flaws, the parties' relationship ended before completion of the software. Defendants then engaged a third party to complete the program, which necessarily required use of the "source code" plaintiff had already developed. Plaintiff filed this suit on October 9, 2002, claiming that the defendants infringed its copyright on the source code. Defendant Neil Blitstein was, and is, the president of defendant Vehicle Valuation Services, Inc. Syscon's complaint seeks to hold him personally liable for the alleged acts of copyright infringement. Blitstein moves to dismiss the complaint as against him, arguing that Syscon has failed to

adequately allege that Blitstein acted in an individual capacity, as opposed to his capacity as VVS's president.

■ A motion to dismiss can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir.2003), *quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must view all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Evans ex rel. Evans v. Lederle Laboratories*, 167 F.3d 1106, 1108 (7th Cir. 1999); *In re HealthCare Compare Corp. Securities Litigation*, 75 F.3d 276, 279 (7th Cir.1996). The issue here is whether Syscon's allegations regarding Blitstein's involvement in the alleged copyright infringement survive this minimal level of scrutiny.

Long ago, in the case of *Dangler v. Imperial Mach., Co.*, 11 F.2d 945 (7th Cir. 1926), the Seventh Circuit discussed whether corporate officers could be held personally liable for infringement by their corporations:

> [I]n the absence of some special showing, the managing officers of a corporation are not liable for the infringements of such corporation, though committed under their general direction.... It is when the officer acts willfully and knowingly—that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability—that officers are held jointly with the company. The foregoing are by no means cited as the only instances when the officers may be held

liable, but they are sufficient for the present case.

*Dangler*, 11 F.2d at 947. Despite its vintage, *Dangler* remains the law of this Circuit. *Kohler Co. v. Kohler Intern., Ltd.*, 196 F.Supp.2d 690, 694 (N.D.Ill.2002); *Drink Group, Inc. v. Gulfstream Comm.*, 7 F.Supp.2d 1009, 1010 (N.D.Ill.1998). We gage Syscon's allegations against this standard.

■ Syscon alleges that Blitstein is the president of VVS, and that VVS entered into the agreement with it through Blitstein. (*Verified Complaint*, ¶¶ 11, 17). According to the complaint, VVS devised the scheme and made the attempts to obtain the source code. (*Verified Complaint*, ¶¶ 29–37). Similarly, Syscon attributes attempts to decompile the source code-the act which facilitated the purported infringement—to VVS as well. (*Verified Complaint*, ¶¶ 38–40). In Count II, Syscon charges Blitstein with copyright infringement. It alleges that Blitstein violated the copyright statute by the act of decompilation of the program's object code into source code (*Complaint*, ¶ 61), and by providing third parties with copies (*Complaint*, ¶ 63). Syscon further alleges that:

> On information and belief and a reasonable opportunity for discovery will show that Blitstein was in a position to control the Copyrighted Software, and personally authorized the copying, modification and use of the Copyrighted Software, and induced and/or materially contributed to the infringing conduct of the other defendants. On information and belief and a reasonable opportunity for discovery will show Blitstein personally directed and authorized the unlawful conduct complained of and personally profited from the acts of copyright infringement complained of herein.

(*Verified Complaint*, ¶ 64). Syscon also claims that

The Defendant Blitstein has further infringed, and on information and belief intends to continue to infringe, the copyright in the Copyrighted Software by using, distributing, selling, offering for sale, displaying, advertising, and/or promoting, without Plaintiff's consent, the Copyrighted Software and Unauthorized Derivative Works in violation of 17 U.S.C. §§ 106 and 501. On information and belief and a reasonable opportunity for discovery will show that Blitstein personally directed and participated in the copying of the source code and authorized its dissemination and use for making additional copies and/or derivative works . . .

(*Verified Complaint*, ¶ 65). Finally, Syscon charges that Blitstein acted willfully and with knowledge of Syscon's copyrights.

 According to Blitstein, these allegations are insufficient to state a claim against him, arguing that they are analogous to those the court found inadequate in *Drink Group*. There, the plaintiff alleged that the individual officers incorporated the infringing corporation and were the principal and driving force behind the infringement. *Drink Group*, 7 F.Supp.2d at 1010. In the instant case, however, Syscon is a bit more to the point, charging Blitstein with a more personal involvement in the purported infringement. The complaint states that he personally directed and participated in allegedly infringing activity, as well as personally authorizing that activity. The allegations are more similar to those the court accepted in *Peaceable Planet, Inc. v. TY, Inc.*, 185 F.Supp.2d 893 (N.D.Ill.2002). There the plaintiff alleged that the individual officer

was the president, founder, and sole shareholder of the defendant corporation; that he was responsible for overseeing development, marketing, and sales of the infringing items; that he personally participated in the design of the infringing items; approved and authorized the defendant corporation's actions; and personally promoted the sales of the infringing items. 185 F.Supp.2d at 896–897. Syscon, too, has alleged a level of personal participation in the allegedly infringing activities, beyond the claims rejected as inadequate in *Drink Group*. Bearing in mind that Syscon need not prove any of its allegations in order to survive a motion to dismiss, we find them adequate.[1]

## II. CONCLUSION

For the foregoing reasons, defendant Blitstein's motion to dismiss the complaint as to him is denied.

---

1. Blitstein also "takes some issue with Syscon's allegations based On information and belief." Such allegations are acceptable under the liberal, notice pleading requirements of Fed.R.Civ.P. 8(a). *Chisholm v. Foothill Capital Corp.*, 940 F.Supp. 1273, 1280 (N.D.Ill.1996) (Unlike Rule 9, which is applicable to claims of fraud, Rule 8 has no requirement that the circumstances of the allegation be pleaded with particularity).